UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE SANCHEZ, ISMAEL RAMOS CONTRERAS, and ERNEST FRIMES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF BORDER PATROL, et al.,<br><br>Defendants. | CASE NO. 12-5378 BHS<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION |

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction. Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

On April 26, 2012, Plaintiffs filed this putative class action, seeking to enjoin Defendants from practices that are resulting in vehicle stops alleged to violate the Fourth Amendment. Dkt. 1. In their Motion to Dismiss, Defendants argue that the Complaint should be dismissed because Plaintiffs lack standing to seek equitable relief and that there is no private cause of action under 8 U.S.C. § 1357. Dkt. 15. Defendants' motion should be denied because Plaintiffs have alleged sufficient facts, if true, that establish they have standing. Defendants' motion regarding 8 U.S.C. § 1357 should likewise be denied. Plaintiffs do not rely on a private right of action under 8

U.S.C. § 1357, but maintain that the Court has jurisdiction pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, to review agency action in violation of § 1357.

## I. BACKGROUND FACTS AND PENDING MOTION

### A. Facts

The named Plaintiffs assert that this action "arises from the Border Patrol's practice of stopping vehicles or participating in vehicle stops on the Olympic Peninsula without appropriate reasonable suspicion in order to interrogate and unreasonably seize the occupants of such vehicles." Dkt. 1, at 2. Each of the named Plaintiffs allege that Defendants have violated their Fourth Amendment rights and remain in fear that Defendants will continue to violate their rights. *Id.* The three named Plaintiffs' allegations regarding their contact with Border Patrol agents are summarized as follows:

Plaintiff Sanchez, who lives and works on the Olympic Peninsula, was born in the United States and is of Latino/Hispanic decent. Dkt. 1, at 3. He asserts that he had three contacts with the Defendants' Border Patrol agents. Dkt. 1, at 6-7. He alleges that during or around the winter of 2008-2009, he was in a vehicle that was followed by one or more Border Patrol agents. Dkt. 1, at 6. When he arrived at his house, the agents approached him. *Id.* Plaintiff began to record the stop on his cell phone. *Id.* The agents then purportedly "backed away." *Id.*

Plaintiff Sanchez's next encounter occurred in or around the summer of 2009. Dkt. 1, at 6. He and a family member were in a vehicle that was stopped by Border Patrol agents. *Id.* Plaintiff Sanchez alleges that he was told that he was stopped because the vehicle windows were tinted too darkly, but when he attempted to provide his insurance and registration, the agents refused to inspect them. *Id.* He asserts that the agents questioned him regarding his immigration status. *Id.*

In the fall of 2011, Plaintiff Sanchez was in a vehicle that was once again stopped by Border Patrol agents. Dkt. 1, at 7. Although the driver's side window was not tinted, the agents told him that his vehicle was stopped because the windows were too darkly tinted. *Id.* He asserts that the agents were only interested in his immigration status, and asked to see his identification. *Id.*

At the time this case was filed, Plaintiff Contreras was an eighteen-year-old high school senior at Forks High School. Dkt. 1, at 4. Plaintiff Contreras was born in the United States and is of Latino/Hispanic descent. *Id.* On July 22, 2011, Plaintiff Contreras and a few others were in a vehicle that was stopped by Border Patrol agents. *Id.,* at 7. Once the vehicle was stopped, one of the agents tried to grab the keys out of the vehicle. *Id.* Although the agent was unable to take the keys, the driver handed them to the agent and the agent held them for the duration of the stop. *Id.* Plaintiff Contreras alleges that he was then interrogated by four Border patrol agents regarding his immigration status. *Id.* He was not given any reason for the stop. *Id.*

Plaintiff Contreras was also questioned about his immigration status outside the Clallam County District Courthouse by a Border Patrol agent on December 2, 2010. *Id.,* at 8.

Plaintiff Grimes, who also lives and works on the Olympic Peninsula, was born in the United States and is African-American. Dkt. 1, at 4. Plaintiff Grimes alleges that he was stopped by Border Patrol on October 15, 2011, near Clallam Bay. *Id.,* at 8. Plaintiff Grimes alleges that the agent "approached the passenger window of Plaintiff Grimes' car and had his hand on his holstered weapon. The agent seemed scared and volatile and yelled at Plaintiff Grimes to roll down his windows." *Id.* Plaintiff Grimes states that he was interrogated about his immigration status, but was given no reason for the stop. *Id.*

**B.   Pending Motion to Dismiss**

In Defendants' Motion to Dismiss, they argue that Plaintiffs' claims should be dismissed because they have failed to establish standing to seek equitable relief. Dkts. 15 and 24. Defendants also argue that Plaintiffs' second claim, under 8 U.S.C. § 1357, should be dismissed because § 1357 does not provide a private cause of action. *Id*.

Plaintiffs oppose the motion. Dkt. 22. Plaintiffs argue that at least one of the named Plaintiffs has alleged more than one incident where Border Patrol has stopped him contrary to the Fourth Amendment's prohibition against unreasonable seizures. Dkt. 22. Plaintiffs contend that is enough to show they have standing to seek equitable relief. *Id*. Further, Plaintiffs argue that they are not making a claim under 8 U.S.C. § 1357, but are asserting that this Court has jurisdiction to review agency action in violation of 8 U.S.C. § 1357, pursuant to the APA, 5 U.S.C. § 702. *Id.*

## II.   DISCUSSION

**A.   Standard for Motion to Dismiss**

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), Court are not restricted to the face of the pleadings, but may

review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, a plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**B.      Motion to Dismiss for Lack of Standing**

Pursuant to Article III of the United States Constitution, federal courts are limited to hearing only "cases" or "controversies."  "Standing is a core component of the Article III cases or controversies requirement."  *Barnum Timber Co. v. U.S. E.P.A.,* 633 F.3d 894, 897 (9th Cir. 2011) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  In order to have Article III standing, a plaintiff must show they have "suffered an injury in fact," that is caused by "the conduct complained of," and that will be "redressed by a favorable decision." *Camreta v. Greene,* 131 S. Ct. 2020, 2028 (2011) (*quoting Lujan,* at 560-561).

In order to receive injunctive relief, a plaintiff must make an additional showing that they have standing.  *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983).  "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983) (*internal quotations omitted*).  Even though "case or controversy considerations obviously shade into those determining whether the complaint states a sound basis

1  for equitable relief," the "real or immediate threat" showing is also required. *Id.* Further, the

2  alleged injuries must be to the named class members because "injunctive relief is not available

3  based on alleged injuries to unnamed members of a proposed class." *Hodgers-Durgin v. de la*

4  *Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

5  Defendants state in their motion that they are not challenging Plaintiffs' Article III

6  standing under the *Lujan* test at this point in the litigation. Dkt. 15, at 6. They contend that

7  because the additional standing requirement for injunctive relief (announced in *Lyons*) is so

8  similar to the *Lujan* test, the Court need only address whether Plaintiffs have established an

9  entitlement to equitable relief at this time. *Id*. (*citing Hodgers-Durgin*, at 1042). That is, that the

10 Plaintiffs have not shown that there is a real or immediate threat that they will be "wronged

11 again." *Id.*

12 Defendants' Motion to Dismiss Plaintiffs' case for failure to show that they have standing to

13 seek equitable relief (Dkt. 15) should be denied. The named Plaintiffs have sufficiently shown

14 that they are likely to suffer substantial and immediate irreparable injury. "The possibility of

15 recurring injury ceases to be speculative when actual repeated incidents are documented."

16 *Nicacio v. U.S. I.N.S.*, 797 F.2d 700 (9th Cir. 1985) (*overruled on other grounds by Hodgers-*

17 *Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999)). In this case, at least one of the

18 named Plaintiffs has alleged that he has been stopped twice in violation of the Fourth

19 Amendment. (Plaintiff Sanchez contends that he has been stopped three times and seized at least

20 twice.) At this stage in the litigation, these allegations are sufficient to show that there is a real

21 and immediate threat that he will be "wronged again." *Lyons,* at 111.

22 Defendants rely on *Hodgers-Durgin* and argue that like the plaintiffs in that case, the

23 Plaintiffs here do not have standing to seek equitable relief – that is that they have not shown that

24

there is a likelihood of substantial and immediate irreparable injury to them. In *Hodgers-Durgin*, the Ninth Circuit held that the named plaintiffs (Mr. Lopez and Ms. Hodgers-Durgin) had failed to make the required showing. It found:

> We hold that Mr. Lopez and Ms. Hodgers–Durgin have not demonstrated a sufficient likelihood of injury to warrant equitable relief. Mr. Lopez drives between 400 and 500 miles a week and sees Border Patrol agents nearly every day. Ms. Hodgers–Durgin drives between Rio Rico and Nogales at least four or five times a week and sees Border Patrol agents "all over the place" whenever she travels. Yet Mr. Lopez and Ms. Hodgers–Durgin were each stopped only once in 10 years. Based on plaintiffs' own factual record, we believe that it is not sufficiently likely that Mr. Lopez or Ms. Hodgers–Durgin will again be stopped by the Border Patrol. In the absence of a likelihood of injury to the named plaintiffs, there is no basis for granting injunctive relief that would restructure the operations of the Border Patrol and that would require ongoing judicial supervision of an agency normally, and properly, overseen by the executive branch.

*Id.,* at 1044. This case is distinguishable. Unlike the plaintiffs in *Hodgers-Durgin,* at least one of the named Plaintiffs asserts that he has been stopped more than once in a two- or three-year period. Further, unlike the plaintiffs in *Hodgers-Durgin* there is no evidence in the record of how often the named Plaintiffs encountered Border Patrol agents, although the Complaint alleges that there has been a surge of Border Patrol agents on the Olympic Peninsula. Dkt. 1. Lastly, there is no showing, yet, to justify the stops of the Plaintiffs. Plaintiffs contend in the Complaint that the sole basis for each of the stops was the Border Patrol agents' intuition "based solely on the color and nature of the Plaintiffs' skin and hair." Dkt. 1. At this stage in the litigation, Plaintiffs have shown they have sufficient standing to seek equitable relief.

C.     **Motion to Dismiss Claim for Relief Under 8 U.S.C. § 1357**

Pursuant to 8 U.S.C. § 1357(a)(3), Border Patrol agents can make warrantless arrests "within a reasonable distance from any external boundary to the United States," they can "board and search for aliens [in] any . . . vehicle . . . for the purpose of patrolling the border to prevent the

1   illegal entry of aliens into the united States." Under 8 C.F.R. § 287.8(b)(2), a Border Patrol

2   agent must have "a reasonable suspicion based upon specific articulable facts, that the person

3   being questioned is, or is attempting to be engaged in an offense against the United States or is

4   an alien illegally in the United States."

5       Defendants' motion to dismiss Plaintiffs' second claim (Dkt. 15) should be denied. Plaintiffs

6   state that they are not making a claim under 8 U.S.C. § 1357. Dkt. 22. Plaintiffs argue that

7   jurisdiction to review the Border Patrol's actions is not found under § 1357, but under the APA.

8   *Id.* Plaintiffs contend that by stopping them (and the other putative class members) "without

9   reasonable suspicion based on specific articulable facts" that Defendants are exceeded their

10  statutory authority. Dkt. 1, at 19. Plaintiffs assert in their Complaint that the Defendants'

11  actions constitute reviewable "agency action within the meaning of the [APA], 5 U.S.C. § 551,

12  authorizing injunctive relief under the [APA], 5 U.S.C. § 702." Dkt. 1, at 6.

13      In their reply, Defendants state that their "confusion regarding Plaintiffs' basis for

14  bringing their Second Claim is understandable because Plaintiffs labeled the claim 'Violation of

15  8 U.S.C. § 1357'" rather than identifying the claim as a claim under the APA. Dkt. 24.

16  Defendants then go on to argue that the second claim should be dismissed by raising new

17  arguments in the reply. For example, they argue that because the first claim ("Violation of the

18  Fourth Amendment") and the second claim ("Violation of 8 U.S.C. § 1357") are the same claim,

19  and in fact ask for the same relief, the second claim should be dismissed. *Id.* (*citing Sackett v.*

20  *E.P.A.*, 132 S. Ct. 1367, 1372 (2012) (noting the APA's judicial review provision also requires

21  that the person seeking APA review of final agency action have "no other adequate remedy in a

22  court.")). Due to the fact that Plaintiffs do not have an opportunity to respond, in the interests of

23  due process, those arguments will not be reached here. Defendants' motion to dismiss Plaintiffs'

24

1 claim for a "violation of 8 U.S.C. § 1357" should be denied because Plaintiffs have clarified that
2 they make no such a claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 15) is **DENIED.**

Dated this 27th day of August, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge