Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSE SANCHEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES BORDER PATROL, *et al.*, <br><br> Defendants. | NO. CV12-5378-BHS <br><br> DEFENDANTS' AGREED MOTION AND ORDER REGARDING ENFORCEMENT OF CONFIDENTIALITY AGREEMENT <br><br> NOTED FOR CONSIDERATION: SEPTEMBER 5, 2012 |

Pursuant to the Court's suggestion, the parties to the above-referenced action intend to enter into a Confidentiality Agreement regarding the treatment of confidential documents produced in discovery. *See* Dkt. No. 28 (Order on Parties Stipulation and Proposed Protective Order, dated August 27, 2012). The parties are not requesting that the Confidentiality Agreement be entered by the Court.

A Confidentiality Agreement is required because the Government anticipates producing documents or providing discovery responses that contain confidential and/or law enforcement sensitive information. This information may include, among other things, Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and/or U.S. Border

AGREED MOTION AND [PROPOSED] ORDER - 1
(Case No. CV12-5378-BHS)

U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-7970

Patrol ("Border Patrol") (referencing all three entities collectively[1], "Agency") records regarding law enforcement activities/operations, guidelines for its operations, training materials, and internal investigations (collectively, "Agency Records").  Some Agency Records contain tactical information not available to the general public that, if in the wrong hands, could be adversely used against law enforcement by non-law abiding groups or individuals.  Other Agency Records, such as those created and collected as part of internal investigations, can contain communications between CBP and/or Border Patrol with other government agencies and branches of government at the federal, state, and local level.  These documents could also contain sensitive information about the Border Patrol's staffing, priorities, resources, intelligence and/or methods, in particular, that is law enforcement sensitive and should not be released to the general public.

Due to the sensitive nature of the documents that the U.S. Government Defendants will produce, the Government has concerns about the enforceability of the parties' Confidentiality Agreement, and would like to ensure that the Agreement will be enforceable by the Court in this action.[2]  In order to address the Government's concerns, the Government respectfully requests the Court to order that it will enforce the parties' Confidentiality Agreement.  Plaintiffs do not oppose this request, which is consistent with the proposed amendment to Local Civil Rule 26(c)(2), which reads as follows:

> The court will not enter stipulated protective orders.  Parties frequently reach agreements regarding the exchange of confidential information in discovery, and those agreements are often essential to efficient discovery.  ***The court will enforce these agreements***, provided they do not contradict LCR 5(g) or other rules.  The court will not, however, convert these agreements into an order of the court.

---

[1] The Border Patrol is a component of CBP, which, in turn, is itself one of the component agencies within the Department of Homeland Security.

[2] This is especially the case given the jurisdictional issues involved in contract cases against the United States.

AGREED MOTION AND [PROPOSED] ORDER - 2

(Case No. CV12-5378-BHS)

U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-7970

*See* http://www.wawd.uscourts.gov (providing text of the proposed amendments which, if adopted, will become effective December 1, 2012) (emphasis added).

Accordingly, the Government Defendants hereby respectfully ask the Court enter the proposed order provided below and Plaintiffs have no objection to this request.

Presented this 5th day of September, 2012.

| PERKINS COIE LLP | JENNY A. DURKAN<br>United States Attorney |
|---|---|
| /s/ Nicholas P. Gelert<br>NICHOLAS P. GELLERT<br>Brendan J. Peters<br>Javier F. Garcia<br>Steven D. Merriman<br>Perkins Coie L.L.P.<br>1201 Third Ave., Ste. 4800<br>Seattle, WA 98101-3099<br>PH:   359-8000<br>FX:   359-9000<br>E-mail:  ngellert@perkinscoie.com | /s/ Rebecca S. Cohen<br>REBECCA S. COHEN, WSBA #31767<br>Assistant United States Attorney<br>United States Attorney's Office<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Phone: 206-553-7970<br>Fax:   206-553-4073<br>E-mail:  rebecca.cohen@usdoj.gov |
| Sarah A. Dunne<br>LaRond Baker<br>ACLU of Washington Foundation<br>901 - 5th Ave., Ste. 630<br>Seattle, WA 98164<br>PH:   624-2184<br>E-mail:  dunne@aclu-wa.org | STUART F. DELERY<br>Acting Assistant Attorney General<br><br>JEFFREY S. ROBINS<br>Assistant Director<br><br>TIMOTHY M. BELSAN<br>Trial Attorney |
| Matt Adams<br>Northwest Immigrant Rights Project<br>615 Second Ave., Ste. 400<br>Seattle, WA 98104<br>PH:   957-8611<br>FX:   587-4009<br>E-mail:  matt@nwirp.org | United States Department of Justice<br>Office of Immigration Litigation<br>District Court Section<br>Ben Franklin Station, P.O. Box 868<br>Washington, DC 20044<br>Telephone: (202) 532-4596<br>Facsimile: (202) 305-7000<br>E-mail: Timothy.M.Belsan@usdoj.gov |

AGREED MOTION AND [PROPOSED] ORDER - 3

(Case No. CV12-5378-BHS)

U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-7970

## ORDER

The parties having so requested, the Court hereby orders that it will enforce any written agreements reached by the parties in the above-referenced action governing the exchange of confidential information in discovery in accordance with the proposed amendment to Local Civil Rule 26(c)(2).

DATED this 25th day of September, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge

AGREED MOTION AND [PROPOSED] ORDER - 4

(Case No. CV12-5378-BHS)

U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-7970