UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE SANCHEZ, ISMAEL RAMOS CONTRERAS, and ERNEST FRIMES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF BORDER PATROL; et al.,<br><br>Defendants. | CASE NO. 12-5378 BHS<br><br>ORDER ON THE CR 37 SUBMISSION REGARDING PLAINTIFFS' REQUEST FOR PRODUCTION NOS. 20-24 |

This matter comes before the Court on the parties' CR 37 Submission Regarding Plaintiffs' Request for Production Nos. 20-24. Dkt. 32. The Court has considered the pleadings filed regarding the motion and the file herein.

On April 26, 2012, Plaintiffs filed this putative class action, seeking to enjoin Defendants from practices that are resulting in vehicle stops alleged to violate the Fourth Amendment. Dkt. 1.

In the instant motion, Plaintiffs move the Court for an order compelling Defendant Border Patrol to produce records, beginning in 2008, with respect to stops initiated by

Border Patrol or in which Border Patrol "participated." Dkt. 32. Border Patrol agrees to produce documents made in conjunction with stops they initiated, but objects to producing documents related to stops that they "participated in," but were initiated by other agencies. *Id.*

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Plaintiffs' motion to compel Request for Production Nos. 20-24, filed as a joint submission under Western District of Washington Rule of Civ. P. 37 (Dkt. 32), should be denied. Plaintiffs have failed to show that the objected to discovery is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The named Plaintiffs of the putative class were each involved in stops initiated by Border Patrol. Plaintiffs have not made a sufficient showing that evidence of Border Patrol's participation in stops initiated by other agencies is relevant to their claims, claims of the putative class, or defenses.

Therefore, it is hereby **ORDERED** that:

- Plaintiffs' motion to compel Request for Production Nos. 20-24, filed as a joint submission under Western District of Washington Rule of Civ. P. 37 (Dkt. 32), is **DENIED**.

Dated this 4th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge